| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------------------X<br>RAHEEM C. SESSOMS<br>　　　　　　　　　Plaintiff,<br><br>　　　　　　-against-<br><br><br><br>THE COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE OFFICER LITWIG, and UNIDENTIFIED SUFFOLK COUNTY POLICE OFFICERS #1-10,<br><br>　　　　　　　　　Defendants.<br>-------------------------------------------------------------------------X | COMPLAINT<br><br>DOCKET NO.:<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, complaining of the defendants, by his attorneys, Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf, & Carone, LLP, respectfully shows to this Court and alleges that he was deprived his civil rights and sustained injury as a result of the deprivations of his civil rights.

## JURISDICTION AND VENUE

1.　　This Court has jurisdiction pursuant to 28 U.S.C. § 1331, over claims arising under 42 U.S.C. § 1983 and all acts occurred in the County of Suffolk, State of New York.

2.　　Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b), because that is the judicial district in which the defendants are located.

## JURY DEMAND

3.　　Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff requests a jury trial on all issues and claims set forth in this Complaint.

1

## PARTIES

4. Plaintiff Raheem Sessoms is a resident of the County of Bronx, State of New York.

5. The individually named Suffolk County defendant detective Litwig was employed by the County of Suffolk as a Suffolk County Police Officer at all times relevant and pertinent to plaintiff's complaint.

6. At all times relevant to this complaint, Suffolk County defendants were duly appointed and acting police officers of the Suffolk County Police Department acting under color of state law, within the scope of their employment, pursuant to the statutes, ordinances, regulations, policies, customs and usage of the County of Suffolk and the State of New York.

7. The unidentified defendants, whose identities are currently unknown, represent those employees of the Suffolk County Police Department acting within the scope of their employment, and under color of law pursuant to the statutes, ordinances, regulations, policies, customs and usage of the County of Suffolk and the State of New York.

8. County of Suffolk is a body politic and corporate empowered to exercise home rule. The Suffolk County Legislature, the County's policymaker, has delegated final policymaking authority for the supervision and control of the Suffolk County Police Department to the duly appointed Commissioner of the Suffolk County Police Department.

## FACTUAL ALLEGATIONS

9. On May 27, 2017, plaintiff Raheem Sessoms was getting a haircut at a barber shop located in Central Islip, Suffolk County, New York when the barber shop was robbed.

10. Suffolk County police officers came to the location and interviewed plaintiff who was one of the victims of the robbery.

11. When the perpetrators were caught, plaintiff's personal affects were in the possession of the perpetrators, having just been robbed by them.

12. Even though the plaintiff was one of the victims, one of the unidentified officers from, upon information and belief, the Third Precinct of the Suffolk County Police Department, told plaintiff that he would have to go down to the precinct to give a statement.

13. At the time, plaintiff was on federal probation. He informed the officer that this was against the conditions of his supervised release and that he would have to call his probation officer to authorize it.

14. The officer called plaintiff's probation officer and told her that plaintiff was involved in a robbery. The probation officer asked the unidentified officer, in sum and substance, if plaintiff was part of the robbery or if he was a victim. The officer responded that plaintiff was a victim.

15. Based upon that representation, the probation officer told plaintiff that it was alright for him to speak with the officer since he was a victim.

16. Plaintiff was placed in an unmarked patrol car, taken to the precinct, and locked in a room.

17. When plaintiff asked to use the bathroom, he was told that he absolutely could not.

18. After approximately fifteen (15) minutes, defendant detective came in and said "you guys must think we're fucking stupid out here."

19. Plaintiff was handcuffed and charged with Robbery.

20. Plaintiff spent six (6) days in jail and was forced to return to court for eight months.

21. On January 26, 2018 the case against him was dismissed.

22. Because plaintiff was on federal probation, he faced revocation of that probation and faced returning to jail for a minimum of twenty-five (25) years. Plaintiff could have ended up in jail for the rest of his life for a crime he did not commit.

23. The robbery that occurred at the barber shop was an armed robbery; the assailants had weapons and they assaulted the barber who was then hospitalized.

24. Plaintiff faced numerous additional federal charges as a result of these allegations.

25. At the time, plaintiff had been gainfully employed for over a year; he lost his job because of this arrest and prosecution.

26. After the case was dismissed, plaintiff tried to get his job back, but after eight months, they could no longer hold his position and he was replaced.

27. Being on federal probation, it was difficult enough to find gainful employment, plaintiff had secured a position that he was good at and where he was liked and well respected.

28. He lost that opportunity and that position and has been unable to obtain gainful employment in this capacity since that time.

## **DAMAGES**

29. The unlawful, intentional, willful, deliberately indifferent, reckless, and/or bad-faith acts and omissions of the defendants caused plaintiff to be damaged.

30. The unlawful, intentional, willful, deliberately indifferent, reckless, negligent, and/or bad-faith acts and omissions of the defendants caused plaintiff the following injuries and damages, which were foreseeable to the defendants at the time of their acts and omissions, and which continue to date into the future: fear of spending the rest of his life in jail, mental anguish, emotional distress, humiliation, harassment, loss of income, legal expenses, indignities, embarrassment, and degradation for which he is entitled to monetary relief.

31. All the alleged acts, misdeeds and omissions committed by the individual defendants described herein for which liability is claimed were done negligently, intentionally, willfully, purposefully, knowingly, unlawfully, maliciously, wantonly, recklessly, and/or with bad faith, and said proscribed conduct of the individual defendants meet all of the standards for imposition of punitive damages.

32. Damages are in the amount to be determined at trial but are in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars exclusive of interest and costs.

## **FIRST CAUSE OF ACTION**

### **42 U.S.C. § 1983 – FALSE ARREST**

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

34. Defendants acted under color of law and deprived plaintiff his civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, plaintiff's right to be free from false arrest and imprisonment, when they detained and imprisoned plaintiff without probable cause or reasonable suspicion, and are liable to plaintiff under 42 U.S.C. § 1983.

35. Plaintiff was aware of his confinement and did not consent to it and it was not otherwise privileged.

36. That the said acts, were caused by the defendants and unidentified defendants without any legal justification.

37. Plaintiff has been damaged as a result of defendants' wrongful acts.

38. By reason of the aforesaid, plaintiff incurred fear of spending the rest of his life in jail, mental anguish, emotional distress, loss of professional opportunity, loss of income, legal

expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation; his constitutional rights were violated and he was otherwise injured.

39. That by reason of the aforesaid, the plaintiff has each been damaged in a sum to be determined by a jury and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983 - ABUSE OF PROCESS

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

41. The defendants employed regularly issued legal process when defendants swore out a complaint against plaintiff, which compelled plaintiff to appear in court or have a warrant issue for his arrest.

42. The defendants' intent was to harm the plaintiff without any excuse or justification.

43. The defendants' intent was to obtain a collateral objective that is outside the legitimate ends of the process, that being for the detective to prove that he was correct in his own biased, individual belief, completely lacking in probable cause, that the plaintiff was involved in the robbery and that he was not fooled by plaintiff's claim that he was a victim.

44. That the defendants' acts intended to cause harm to the plaintiff and did cause harm to plaintiff without excuse or justification.

45. By reason of the aforesaid, plaintiff incurred fear of spending the rest of his life in jail, mental anguish, emotional distress, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation; his constitutional rights were violated and he was otherwise injured.

## THIRD CAUSE OF ACTION

## 42 U.S.C. § 1983 –MALICIOUS PROSECUTION

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

47. That the plaintiff's rights have been violated pursuant to the United States Constitution.

48. That the said acts, were caused by the defendants and unidentified defendants without any legal justification.

49. That the said malicious and continuing prosecution was instigated by the defendants, their agents, servants and employees, without any legal justification to wit, without probable cause and based upon the defendants' having been informed by the barber that plaintiff too was a victim of this robbery.

50. The defendants' acts were shocking and were performed by the defendants with deliberate and reckless disregard for the truth and with malice.

51. In fact, the charges against plaintiff were dismissed.

52. By reason of the aforesaid, plaintiff incurred fear of spending the rest of his life in jail, mental anguish, emotional distress, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation; his constitutional rights were violated and he was otherwise injured.

53. That by reason of the aforesaid, the plaintiff has each been damaged in a sum to be determined by a jury and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

# FOURTH CAUSE OF ACTION

## 42 U.S.C. § 1983- MUNICIPAL AND CORPORATE LIABILITY FOR THE VIOLATIONS OF PLAINTIFF'S FIRST, FOURTH AND FOURTEENTH AMENDMENT RIGHTS

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

55. The practices described in this complaint comprise formal policies of the County of Suffolk.

56. The deliberate indifference on the part of the County caused plaintiff's injuries.

57. The County failed to train its agents and employees in legal justifications for citizens' arrests and prosecutions.

58. By reason of the aforesaid, plaintiff incurred fear of spending the rest of his life in jail, mental anguish, emotional distress, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation; his constitutional rights were violated and he was otherwise injured.

59. That by reason of the aforesaid, the plaintiff has each been damaged in a sum to be determined by a jury and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff prays as follows:

A. That the Court award compensatory damages to him and against the defendants jointly and severally, in an amount to be determined at trial;

B. That the Court award punitive damages to plaintiff, and against all non-municipal defendants, in an amount, to be determined at trial, that will deter such conduct by defendants in the future;

C. For a trial by jury;

D. For a pre-judgment and post-judgment interest and recovery of his costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims; and

E. For any and all other relief to which he may be entitled.


Dated: Lake Success, New York
       January 29, 2020

_____
Amy Marion
Abrams, Fensterman, Fensterman, Eisman,
Formato, Ferrara, Wolf, & Carone, LLP,
3 Dakota Drive, Suite 300
Lake Success, New York 11042
(516) 328-2300