# ABRAMS ⒜ FENSTERMAN

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP

Attorneys at Law

March 30, 2021

*Via ECF*
Hon. Sanket J. Bulsara, U.S.M.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Sessoms v County of Suffolk*, 20-cv-00509 (AAR)(SJB)

Dear Judge Bulsara:

I represent the plaintiff in this action and write this letter motion to compel production of Suffolk County Police Department ("SCPD") personnel files, Internal Affairs Bureau ("IAB") Reports, disciplinary records, prior incidents of misconduct and any other relevant material that the defendants are unwilling to provide without plaintiff executing a stipulation of confidentiality.

On October 1, 2020, plaintiff served his First Request for Production of Documents (attached hereto as Exhibit 1). By response dated November 20, 2020 (attached hereto as Exhibit 2), defendants responded that they would not provide, without a Stipulation of Confidentiality, documents responsive to the following requests:

**REQUEST 14:** Any and all documents concerning disciplinary proceedings against personnel employed by County of Suffolk involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of Plaintiff, including, but not limited to, Defendant Barba;

**REQUEST 15:** Any and all employment and/or personnel files for all officers and/or personnel involved in the arrest, apprehension, search, confinement, detention, reporting and prosecution of Plaintiff including, but not limited to, Defendant Barba;

**REQUEST 19:** For Defendant Barba, copies of any performance evaluations from May 27, 2007 through May 27, 2017;

**REQUEST 20:** Copies of all reports, documents, analyses, memoranda, statements, communications, guidelines, *etcetera*, whether written, recorded, or electronically stored, in Defendants' actual or constructive possession, which cite or describe any civilian complaints or disciplinary actions lodged against Defendant Barba for false arrest or related claims, including any and all IAB reports that refer to him, regardless of whether the complaints were determined to be founded;

**REQUEST 21:** Copies of all reports, documents, analyses, memoranda, statements, communications, guidelines, *etcetera*, whether written, recorded, or electronically stored, in Defendants' actual or constructive possession, which cite or describe any civilian complaints or disciplinary actions lodged against Defendant Barba for malicious prosecution or related claims, including any and all IAB reports that refer to him, regardless of whether the complaints were determined to be founded;

1

**REQUEST 22:** For Defendant Barba, provide copies of all documents relating to any internal or external allegations, complaints, or investigations, irrespective to of whether any such allegation(s) or complaint(s) was substantiated;
**REQUEST 23:** For Defendant Barba, provide copies of any and all documents reflecting any criticism, discipline, or remediation between May 27, 2007 through May 27, 2017;
**REQUEST 25:** For Defendant Barba, provide copies of any Notices of Claim naming him or which, although not named, allege misconduct attributable to him.

Furthermore, in response to Requests #14, 20, 22, 23, and 25, Defendant County stated that it would not provide any of the requested material other than for "complaints made within the five (5) years preceding the date of the claim that are (sic) related to the nature of the claim . . . provided that Plaintiff agrees to and executes a Stipulation of Confidentiality." *See* Exhibit 2 at ¶¶14, 20, 22, 23, 25.

Plaintiff's complaint alleges constitutional deprivations based upon, inter alia, false arrest and malicious prosecution. ECF No. 1 at ¶¶ 33-53. "There is no doubt that the personnel records regarding . . . work histories of the officers involved in the alleged incident giving rise to this lawsuit are relevant, and are thus discoverable under Rule 26." *Fowler-Washington v. City of New York*, No. 19-CV-6590 (KAM)(JO), 2020 WL 5893817, at *3 (E.D.N.Y. Oct. 5, 2020). Indeed, "[a]ny disciplinary matters, CCRB [Civilian Complaint Review Board] complaints, past accusations of excessive force (whether exonerated, unsubstantiated, or unfounded), or other wrongdoing implicating the honesty of the defendant officers would clearly be relevant to Plaintiff's allegations." *Id*. "[B]y repealing Section 50-a, the State of New York has legislatively required that police officers' personnel records should be available to the public." *Id*. "[T]he clear intent of that legislative action, . . . was to increase transparency by permitting the disclosure of ... disciplinary records (unsubstantiated, exonerated, and unfounded allegations) . . . ." *Id*. (citation omitted).

Moreover, "police misconduct complaints and their substantive review generally – and not merely whether they bear the same title as one of Plaintiffs' claims – are relevant to assessing a Defendant Officer's credibility and possible willingness to violate constitutional or departmental norms." *Walls v. City of New York*, No. 19 CV 337 (RPK)(VMS), 2020 WL 6899996, at *4 (E.D.N.Y. Nov. 24, 2020). "Any concern over a particular misconduct matter's tenuous connection to Plaintiffs' claims is better litigated in the context of admissibility post-discovery." *Id*., citing *Fowler-Washington, supra.*

Recently, Judge Azrack found a defendants' assertion "that IAB reports are confidential under both Suffolk County Police Department . . . policy and state law . . . unavailing" given the recent repeal of the state statute. *United States v. McParland*, No. 17-CR-587 (JMA), 2021 WL 722496, at *8 (E.D.N.Y. Feb. 23, 2021) (citation omitted).

Also last month, the appellate court for this Circuit upheld a district court's granting of a "very limited injunction" to several unions who sought a much broader injunction from the court for the exemption from disclosure of "substantiated, unsubstantiated, unfounded, and truncated" CCRB officer histories as well as New York City Police

2

Department ("NYPD") "charges and specifications regardless of whether they had been adjudicated, and responses to FOIL requests for the disciplinary records of members of service received following the repeal of Section 50-a where the requested disciplinary records resulted in a substantiated final determination." *Uniformed Fire Officers Ass'n v. DeBlasio*, No. 20 CIV. 5441 (KPF), 2020 WL 5640063, at *1 (S.D.N.Y. Aug. 21, 2020), *aff'd sub nom. Uniformed Fire Officers Ass'n v. Blasio*, No. 20-2789-CV, 2021 WL 561505 (2d Cir. Feb. 16, 2021), ECF No. 216 (attached hereto as Exhibit 3) at 6-7. The court also considered the results of "settlement agreements between the individual officers and the NYPD." Exhibit 3 at 23. In evaluating data provided from "numerous states with more robust disclosure practices than New York's," the court found that there were no "safety issues identified in those states" and "no evidence of increased violence or threat of violence because of disclosures." *Id.* at 16. Additionally, as a result of publication of officer disciplinary histories on different outlets, there was no "evidence [presented to the court] of an incident in which member officers were threatened or at risk of threat because of th[e] publication[s]." *Id.* at 17.

Judge Failla also rejected the claim that "disclosing allegations of misconduct would functionally negate the rights of officers to clear their disciplinary records of unfounded and unsubstantiated allegations where that information would forever be publicly available in the future." *Id.,* ECF No. 216 at 19. She did not find that this should "prevent the disclosure of this information." *Id*. "Even if the charge is unsubstantiated or non-final, any stigma or falsity is addressed by the record, which makes clear that the charges -- for example, unsubstantiated -- are non-final. And the records therefore have information, such as the agency's classification or disposition of the complaint or charges, that contextualizes adequately any description of the underlying complaint or charges." *Id.* at 28-29. The court reasoned, that the

> legislature thoroughly considered and rejected . . . arguments for exempting unsubstantiated, unfounded, and exonerated allegations from disclosure. And as evidence that the legislature considered [these] . . . concerns about privacy and safety, they made a reasoned determination to enact the provisions additional to the New York Public Officers' Law, which requires the redaction of certain information in law enforcement disciplinary histories, including a medical history, home address, personal telephone number, personal email address, and mental health service, and that that was the correct balance to strike. The legislature also added a provision permitting agencies to redact records pertaining to technical infractions.

*Id.* at 37. The court held that the "decision to amend Section 50-a was not made haphazardly . . . [and] was also made with due regard for the safety and privacy interests of the affected officers." *Id.* at 42. Judge Failla "reject[ed] the foundational argument that no one -- law enforcement or civilian -- can appreciate the distinctions between substantiated, unsubstantiated, exonerated, unfounded and non-final claims." *Id.* at 41-42.

3

Thus, plaintiff requests that defendants be compelled to produce documents and records that are available to the public under New York law, and specifically responses to the aforementioned document requests without the requirement of a confidentiality stipulation or protective order.

Respectfully,

Amy Marion

cc: Via ECF
All counsel of record