# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**RAHEEM C. SESSOMS,**

                      **Plaintiffs,**

          **-against-**

**THE COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DETECTIVE PETER BARBA, #1244, and UNIDENTIFIED SUFFOLK COUNTY POLICE OFFICERS #1-10,**

                      **Defendants.**

**RESPONSE TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

**20-CV-509 (AAR)(SMG)**

        Defendants, Suffolk County and Suffolk County Police Detective Peter Barba, by their attorney, hereby respond to Plaintiff's First Request for Production of Documents dated September 15, 2020 as follows:

## General Objections

        Defendants generally object to Plaintiff's requests on the grounds that Plaintiff has failed to furnish definitions of some of the terms he has elected to utilize in the requests. Inasmuch as any of the terms utilized are vague, ambiguous and/ or susceptible to different interpretations, and in the view of the fact that it cannot generally be ascertained from the context thereof what Plaintiff meant by the use of a particular undefined term, Defendants reserve their right to modify, amend and/ or supplement these responses at such time as precise definitions are furnished.

Defendants generally object to Plaintiff's requests on the ground that they violate the requirements of Local Civil Rule 26.5 in that they appear to be form requests that are not "consistent with the scope of discovery under Fed. R. Civ. P. 26(b)(1)."

Defendants generally object to Plaintiff's requests upon the ground that they do not identify the documents sought with "reasonable particularity" as required by Fed. R. Civ. P. 34(b).

Defendants object to the extent that Plaintiff requests any documents or information protected by attorney-client privilege or work-product privilege or which constitutes material prepared for litigation purposes.

Defendants' search for information responsive to these requests is ongoing. Defendants reserve the right to amend and/ or supplement the responses to each request below as further information becomes available to Defendants' Counsel. Defendants further reserve the right to object to the future production of any such information.

**Documents Requested to be Produced and Defendant's Response to Individual Requests**

**1.      Provide all documents identified by Defendants' FRCP Rule 26 initial disclosures.**

See attached paperwork from both the Suffolk County Police Department (SC 0061-0083) and the Suffolk County District Attorney's Office (SC 0022-0060) consisting of documents that are relevant to the disputed facts alleged with particularity in the pleadings as referenced in Defendants' Rule 26 Initial Disclosures, as well as documents previously turned over in response to interrogatories directed to Detective Peter Barba and Suffolk County (SC 0001-0021).

**2.      Provide any and all documents relating to the allegations in the Complaint.**

By counsel, Defendants object on the basis that this request is vague, overbroad, ambiguous and unduly burdensome.

3. **Provide any and all other documents concerning the incident giving rise to Plaintiff's arrest, including all investigation notes, documents, reports, witness statements or notes of such statements.**

   See the additional responsive documents from the Suffolk County Police Department and the Suffolk County Crime Lab (SC 0084-0115).

4. **Provide any and all documents regarding the prosecution of Plaintiff, including documents concerning Plaintiff's arrest and criminal prosecution, the minutes of any Grand Jury proceedings and criminal court transcripts.**

   See response to requests 1 and 3 above.

   As to the request for the minutes of any Grand Jury proceedings, Plaintiff's case was not presented to the Grand Jury. As to criminal court transcripts from the prosecution of Plaintiff, Defendants are not in possession of any such documents at this time.

5. **Provide any and all Department of Correction's documents that are in Defendants' possession, custody, or control.**

   By counsel, Defendants object on the basis that this request is vague, overbroad, ambiguous and seeks irrelevant documents in that it seeks any Department of Corrections documents in the possession, custody or control of Defendants without any specificity as to topic or timeframe and without defining what Department of Corrections this request calls for production of documents from.

6. **Provide any and all communications related to any allegation set forth in Plaintiff's complaint.**

   By counsel, Defendants object on the basis that this request is vague, overbroad, ambiguous and seeks production of irrelevant documents as it calls for production of "any and all communications" at any time by anyone related to anything set forth in Plaintiff's complaint.

7. **Provide any and all communications regarding the arrest of Plaintiff.**

   By counsel, Defendants object on the basis that this request is vague, overbroad, ambiguous and seeks production of irrelevant documents as it calls for production of "any and all communications" at any time by anyone related to Plaintiff's arrest.

8. **Provide any and all communications regarding the prosecution of Plaintiff.**

   By counsel, Defendants object on the basis that this request is vague, overbroad, ambiguous and seeks production of irrelevant documents as it calls for production of "any and all communications" at any time by anyone related to Plaintiff's prosecution.

9. **Provide copies of any and all documents, notes, or correspondences generated at any time pertaining to the investigation of Raheem Sessoms's apprehension on or about May 27, 2017.**

   By counsel, Defendants object on the basis that this request is confusing and fails to define what is meant by "the investigation of Raheem Sessom's apprehension".

10. **Provide copies of any and all documents, notes, or correspondences generated at any time pertaining to the prosecution of Raheem Sessoms on or about May 27, 2017.**

    By counsel, Defendants object to this request to the extent that it calls for the production of any materials covered by attorney-client privilege or work product privilege. Beyond said objection, see response to requests 1 and 3 above.

11. **Provide copies of any and all e-mails sent or received by Defendants, their agents and/or employees, at any time that pertain to the investigation, arrest, detention and/or prosecution of Mr. Sessoms.**

    Defendants are not in possession of any responsive materials at this time.

12. **Provide copies of any and all text messages sent or received by Defendants, their agents and/or employees, at any time that pertain to the investigation, arrest, detention and/or prosecution of Mr. Sessoms.**

    Defendants are not in possession of any responsive materials at this time.

13. **Provide copies of any and all hand-written notes either sent or received that pertain to the investigation, arrest, detention and/or prosecution of Mr. Sessoms.**

    Defendants, by counsel, object on the basis that this request is vague, overbroad, ambiguous and seeks production of irrelevant documents as it calls for production of "any and all hand-written notes either sent or received" at any time by anyone related to the investigation, arrest, detention and/ or prosecution of the plaintiff.  Defendants further object to the extent this request calls for production of materials covered by attorney-client privilege or work product privilege.

**14. Provide any and all documents concerning disciplinary proceedings against personnel employed by County of Suffolk involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of Plaintiff, including, but not limited to, Defendant Barba.**

Preliminarily, Defendants, by counsel, object to this request upon the ground that it is vague and overbroad, as well as on the ground of relevance. Any responsive information as it applies to any individuals who are not named defendants, should it exist, is irrelevant and not discoverable. "Rule 26(b)(1), as amended on December 1, 2015, recognizes that '[i]nformation is discoverable…if it is relevant to any party's claim or defense and is proportional to the needs of the case.'" *Mamakos v. United Airlines, Inc.*, CV 14-7294, 2018 WL 4861392 at *2 (E.D.N.Y. Sept. 28, 2018)(quoting Rule 26 Advisory Committee Notes to 2015 Amendments). Here, the information sought as to the individuals who are not named defendants is not relevant.

As to Detective Barba, Defendants, by counsel, again object to this request as it is vague and overbroad, as well as on relevancy grounds. However, Defendants do not object to providing information responsive to this request for complaints made within the five (5) years preceding the date of the claim that are related to the nature of the claim (false arrest, abuse of process and malicious prosecution) provided that Plaintiff agrees to and executes the Stipulation of Confidentiality previously discussed with Plaintiff's Counsel on multiple occasions which is attached hereto.

**15. Provide any and all employment and/or personnel files for all officers and/or personnel involved in the arrest, apprehension, search, confinement, detention, reporting and prosecution of Plaintiff including, but not limited to, Defendant Barba.**

Preliminarily, Defendants, by counsel, object to this request upon the ground that it is vague and overbroad, as well as on the ground of relevance. Any responsive information as it applies to any individuals who are not named defendants is irrelevant and not discoverable. "Rule 26(b)(1), as amended on December 1, 2015, recognizes that '[i]nformation is discoverable…if it is relevant to any party's claim or defense and is proportional to the needs of the case.'" *Mamakos v. United Airlines, Inc.*, CV 14-7294, 2018 WL 4861392 at *2 (E.D.N.Y. Sept. 28, 2018)(quoting Rule 26 Advisory Committee Notes to 2015 Amendments). Here, the information sought as to the individuals who are not named defendants is not relevant.

As to Detective Barba, Defendants are willing to provide Plaintiff with said personnel file provided that Plaintiff agrees to and executes the Stipulation of Confidentiality previously discussed with Plaintiff's Counsel on multiple occasions which is attached hereto.

**16. Provide exact copies of all video surveillance recordings associated with the incident.**

A copy of same has been requested and will be mailed to Plaintiff's counsel upon receipt.

**17. Provide exact copies of all audio recordings of police communications regarding the arrest and processing of Plaintiff.**

   A copy of same has been requested and will be mailed to Plaintiff's counsel upon receipt, should such recordings exist.

**18. Provide exact copies of all printout of police communications regarding the arrest and processing of Plaintiff.**

   A copy of same has been requested and will be turned over to Plaintiff's counsel upon receipt, should such recordings exist.

**19. For Defendant Barba, provide copies of any performance evaluations from May 27, 2007 through May 27, 2017.**

   Defendants are willing to provide Plaintiff with said personnel file, which will contain same, provided that Plaintiff agrees to and executes the Stipulation of Confidentiality previously discussed with Plaintiff's Counsel on multiple occasions which is attached hereto.

**20. Provide copies of all reports, documents, analyses, memoranda, statements, communications, guidelines, *etcetera*, whether written, recorded, or electronically stored, in Defendants' actual or constructive possession, which cite or describe any civilian complaints or disciplinary actions lodged against Defendant Barba for false arrest or related claims, including any and all IAB reports that refer to him, regardless of whether the complaints were determined to be founded.**

   Preliminarily, Defendants, by counsel, object to this request upon the ground that it is vague and overbroad, as well as on the ground of relevance. However, Defendants do not object to providing information responsive to this request for complaints made within the five (5) years preceding the date of the claim that are related to the nature of the claim as referenced in response to request 14 above provided that Plaintiff agrees to and executes the Stipulation of Confidentiality previously discussed with Plaintiff's Counsel on multiple occasions which is attached hereto.

**21. Provide copies of all reports, documents, analyses, memoranda, statements, communications, guidelines, *etcetera*, whether written, recorded, or electronically stored, in Defendants' actual or constructive possession, which cite or describe any civilian complaints or disciplinary actions lodged against Defendant Barba for malicious prosecution or related claims, including any and all IAB reports that refer to him, regardless of whether the complaints were determined to be founded.**

   Preliminarily, Defendants, by counsel, object to this request upon the ground that it is vague and overbroad, as well as on the ground of relevance. However, Defendants do

not object to providing information responsive to this request for complaints made within the five (5) years preceding the date of the claim that are related to the nature of the claim as referenced in response to request 14 above provided that Plaintiff agrees to and executes the Stipulation of Confidentiality previously discussed with Plaintiff's Counsel on multiple occasions which is attached hereto.

**22. For Defendant Barba, provide copies of all documents relating to any internal or external allegations, complaints, or investigations, irrespective to of whether any such allegation(s) or complaint(s) was substantiated.**

Defendants, by counsel, again object to this request as it is vague and overbroad, as well as on relevancy grounds. However, Defendants do not object to providing information responsive to this request for complaints made within the five (5) years preceding the date of the claim that are related to the nature of the claim (false arrest, abuse of process and malicious prosecution) provided that Plaintiff agrees to and executes the Stipulation of Confidentiality previously discussed with Plaintiff's Counsel on multiple occasions which is attached hereto.

**23. For Defendant Barba, provide copies of any and all documents reflecting any criticism, discipline, or remediation between May 27, 2007 through May 27, 2017.**

Defendants, by counsel, again object to this request as it is vague and overbroad, as well as on relevancy grounds. However, Defendants do not object to providing information responsive to this request for complaints made within the five (5) years preceding the date of the claim that are related to the nature of the claim (false arrest, abuse of process and malicious prosecution) provided that Plaintiff agrees to and executes the Stipulation of Confidentiality previously discussed with Plaintiff's Counsel on multiple occasions which is attached hereto.

**24. For Defendant Barba, provide copies of any and all documents concerning civil or criminal lawsuits involving false arrest and /or malicious prosecution including, without limitation, judgments, decisions, findings, pleadings, memoranda, reports, or other related documents.**

Defendants, by counsel, object to this request on the grounds that lawsuits as referenced, should any exist, are a matter of public record and accessible to Plaintiff in the same manner in which they are accessible to Defendants.

**25. For Defendant Barba, provide copies of any Notices of Claim naming him or which, although not named, allege misconduct attributable to him.**
Defendants, by counsel, object to this request on the grounds that it is vague, overbroad and seeks production of documents that are irrelevant to the proceedings. Additionally, Defendants have no way of ascertaining Notices of Claim that allege misconduct attributable to him where he is not named short of searching prior civil suits where he was named which are a matter of public record and accessible to Plaintiff in the same manner in which they are accessible to Defendants.

Notwithstanding said objection, Defendants do not object to providing information responsive to this request for Notices of Claim where Barba was named that were made within the five (5) years preceding the date of the incident that are related to the nature of the claim (false arrest, abuse of process and malicious prosecution) for any claim that resulted in judgment provided that Plaintiff agrees to and executes the Stipulation of Confidentiality previously discussed with Plaintiff's Counsel on multiple occasions which is attached hereto.

**26. Provide copies of any and all documents concerning or reflecting training by the County of Suffolk or the Suffolk County Police Department, from May 27, 2007 through May 27, 2017, pertaining to the policies, practices, customs, and/or procedures for investigating potential wrongdoing by on-duty, off-duty, or retired officers.**

A request has been made for responsive information which will be turned over upon receipt.

Dated: Hauppauge, New York
       November 20, 2020

                              Yours, etc.

                              DENNIS M. COHEN
                              SUFFOLK COUNTY ATTORNEY
                              Attorney for Defendants County of Suffolk and Suffolk County Police Detective Peter Barba
                              H. Lee Dennison Building
                              100 Veterans Memorial Highway
                              P.O. Box 6100
                              Hauppauge, New York 11788

                  By:    */s/ Stacy A. Skorupa*
                              Stacy A. Skorupa
                              Assistant County Attorney

To:    Amy Marion, Esq.
       Abrams, Fensterman, Fensterman, Eisman,
       Fornato, Ferrara, Wolf & Carone, LLP
       3 Dakota Drive, Suite 300
       Lake Success, NY 11042
       (Via e-mail and U.S. Mail)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
======================================================x
RAHEEM C. SESSOMS,

                                      Plaintiff,                    STIPULATION OF
                                                                         CONFIDENTIALITY

     -against-

                                                                              20-cv-509 (AAR)(SMG)

THE COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE
DETECTIVE PETER BARBA, #1244, and UNIDENTIFIED
SUFFOLK COUNTY POLICE OFFICERS #1-10,

                                      Defendants.
======================================================x

        1.        This stipulation applies to all parties and their attorneys with respect to the production of documents that contain confidential information.

        2.        It is, accordingly, hereby agreed and stipulated that:

        (a) Counsel is defined to include attorneys for any party and all employees and agents and any person in the employ of said counsel necessary to assist in this litigation, including consultants and experts.

        (b) Confidential document is defined to mean Suffolk County Police Department personnel files, Suffolk County Police Department Internal Affairs Reports, Medical records (including but not limited to hospital records, operative records, x-rays, independent medical examination reports, and test results), and/or any document subsequently identified as such by a producing party or their counsel as being confidential unless the Court determines that the documents or any portion of the documents are not entitled to confidentiality.

        (c) Counsel and parties are prohibited from making their own copy of any confidential document or portions thereof given to them pursuant to this stipulation, except for; (1) use as an exhibit to a paper filed in this litigation under paragraph (h); (2) for internal working copies to be utilized by counsel; and (3) for use at depositions or trial.

(d) All portions of each document disclosed consist of confidential material to be protected by this stipulation unless otherwise advised by counsel providing said documents.

(e) Counsel will use the confidential documents and information contained therein solely for the purposes of this litigation, including depositions and trial, and shall not, without the prior written consent of the producing counsel, make the confidential documents or the information contained therein available to any other person.

(f) Within one month after the production to counsel of the confidential documents, counsel shall return to producing counsel any documents that they believe they do not need for use in this litigation.

(g) Within thirty (30) days after the entry of a final judgment in this litigation (including appeals or petitions for review), counsel shall (i) return or destroy all confidential documents produced pursuant to this stipulation; (ii) destroy all notes, summaries, digests, and synopses of the confidential documents.  Notice of such destruction shall be given producing counsel immediately thereafter.

(h) In the event that a party wishes to use a confidential document or any confidential information therein in any paper filed in this litigation, such paper (or part thereof containing the confidential document or confidential information) shall be filed under seal and maintained under seal by the Court.

(i)  Persons to whom confidential documents are made available under this stipulation are bound by the restrictions contained herein.

(j)  Nothing herein shall be deemed to permit the provision of confidential documents, or the disclosure of the contents of confidential documents, to any member of the press, media, print, broadcast, cable, satellite or internet; or to any person or entity purporting to be working in the public interest.  It is understood that any such provision or disclosure is a violation of this Order, the First Amendment rights of the recipients notwithstanding.

(k) In the event that a confidential document or any part thereof is read into the record at a deposition or quoted in a document generated in this litigation, the portion of said deposition or document containing the language from the confidential document shall also be confidential; and the underlying confidential document shall remain confidential notwithstanding that a portion of it was read into the record at a deposition or quoted in a document generated in this litigation.

(l) It is further understood that this Stipulation be "so ordered" without further notice and may then be enforced as a court order, even after the entry of final judgment in this action. If this Stipulation is "so ordered," a copy will be furnished to counsel upon issuance of said order.

Dated: Hauppauge, New York
    November 6, 2020

| | |
|---|---|
| _____ | _____ |
| By: Amy Marion, Esq. | By: Stacy A. Skorupa |
|     Abrams, Fensterman, Fensterman, Eisman, Fornato, Ferrara, Wolf & Carone, LLP |     Assistant County Attorney<br>Suffolk County Attorney's Office |
|     Attorney for Plaintiff |     Attorney for County Defendants |
|     3 Dakota Drive, Suite 300 |     100 Veterans Memorial Highway |
|     Lake Success, NY 11042 |     P.O. Box 6100<br>    Hauppauge, New York 11788-0099<br>    631-853-4055 |

SO ORDERED

Dated: Brooklyn, New York

_____, 2020

_____
Hon. STEVEN M. GOLD, U.S.M.J.